UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA M. MASUPHA,

    Plaintiff,

v.

NORMAN Y. MINETA, Secretary, United States
Department of Transportation,
Federal Aviation Administration,

    Defendant.

No. 05 C 2891

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, Patricia Mashupha, filed suit against Defendant, Norman Mineta, Secretary of the United States Department of Transportation, Federal Aviation Administration, alleging race and national origin discrimination and retaliation. Presently pending before the Court is Defendant's Motion to Dismiss.

A reading of Plaintiff's Amended Complaint and matters within the public record of which the Court takes judicial notice, supports the following summary of the alleged conduct of the parties.

Masupha, a black South African, became employed by the U.S. Department of Transportation, Federal Aviation Administration, in 1989. Throughout her tenure, Masupha received promotions and performance awards. In January 2001, Masupha complained about the failure to fulfill a promise to detail her to a higher position. After the complaint, she was promoted.

Following the promotion, Masupha began to be supervised by two Caucasian supervisors. After January 2001, Masupha was denied promotions given to Caucasian and non-complaining workers. Masupha was also repeatedly harassed, unlike other coworkers outside of her protected class.

In July 2004, Masupha was denied a promotion after sending an e-mail to her supervisor requesting a promotion. On August 11, 2004, Masupha filed an "informal" complaint of discrimination, informal case no. AGL-FY2004-0061, alleging a hostile work environment, race and national origin discrimination, and retaliation or reprisal. Masupha agreed to try to resolve the issues through mediation. The mediation was unsuccessful.

On November 5, 2004, the Equal Employment Opportunity counselor sent Masupha a Notice of Final Interview and Right to File a Discrimination Complaint ("Notice"). The Notice informed Masupha that she could file a complaint within fifteen days after receipt of the Notice. The Notice was received on November 8, 2004. The Notice did not reference the informal case number or any other case number. Twenty-one days later, on November 29, 2004, Masupha filed a Complaint of Discrimination, alleging that she was discriminated against on July 22, 2004, based on race, color, national origin, age, and reprisal, when she was denied a promotion.

On December 16, 2004, Masupha received a Final Agency Decision ("FAD") that the U.S. Department of Transportation was dismissing her November 29, 2004 Complaint of Discrimination because it was not timely filed (within the allowed fifteen days). The FAD informed Masupha that if she was dissatisfied with the final decision, she could appeal the decision to the EEOC within thirty days or file a civil suit in a district court within ninety days. Masupha filed her initial Complaint in the instant case, 122 days later, on May 16, 2005.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil

Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 761, 764 (7 th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If there are no set of facts that would entitle the plaintiff relief, dismissal is warranted. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005).

Defendant argues that Masupha's Amended Complaint should be dismissed because it was filed outside the applicable statute of limitations and because she failed to timely exhaust her administrative remedies.

A federal employee is required to exhaust her administrative remedies before filing suit against her employer under Title VII. *See McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1320 (7th Cir. 1984) (*McGuinness*). In cases involving discrimination by a federal agency, exhaustion of administrative remedies includes any remedies available within the agency that the complainant must pursue before the alleged discrimination becomes a final agency action. *See* 42 U.S.C. §§ 2000e-16(a), (c); *McGuinness*, 744 F.2d at 1320.

As applicable to Masupha, a federal employee alleging discrimination under Title VII must consult an EEO counselor within forty-five days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). If the agency agrees to offer an alternative dispute resolution process ("ADR"), the counselor shall advise the complainant that she may choose between ADR and other counseling activities. 29 C.F.R. § 1614.105(b)(2). If the complainant chooses to participate in an ADR procedure, the pre-complaint processing period is extended to ninety days. If the claim is not resolved before the ninetieth day, the counselor must inform the complainant of the right to file a discrimination complaint. The notice must inform the complainant of the right to file such complaint

3

within fifteen days of receipt of the notice. 29 C.F.R. §§ 1614.105(b), (d), (f). If the complainant is dissatisfied with the agency's decision on her formal complaint, she may seek judicial review; but she must file her complaint within ninety days after the receipt of the agency's final decision. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(a); *Robbins v. Bentsen*, 41 F.3d 1195, 1198 (7th Cir. 1994).

Masupha's Amended Complaint alleges that she filed a "complaint of discrimination, informal case no. AGL-FY2004-0061," and agreed to mediate the matter, which was unsuccessful. Because Masupha chose to participate in an ADR procedure, the pre-complaint processing period was extended to ninety days per 29 C.F.R. 1614.105(f). Within ninety days, the EEO counselor must send Masupha a notice of right to sue. Masupha would have fifteen days within receipt of the notice to file a formal complaint. Masupha does not allege that she filed a formal complaint, that she received a final agency decision, and/or that she filed suit within the applicable limitations period. Accordingly, Masupha has failed to plead that she exhausted her administrative remedies.

Defendant presents public records indicating that the EEO counselor did send Masupha a notice of her right to file a formal complaint within the mandated ninety days for a complaint of discrimination for her failure to be promoted in July 2004 (also alleged in Masupha's Amended Complaint). The notice informed Masupha that she had fifteen days upon receipt of the notice to file the formal complaint of discrimination. Masupha concedes she received this notice on November 10, 2004, and that she filed a formal complaint nineteen days later, on November 29, 2004. Masupha's formal complaint was not timely filed; and she received notice of its dismissal based on untimeliness on December 16, 2004. The dismissal notice (FAD) informed Masupha that she had ninety days to file a suit in district court if she was dissatisfied with the

4

agency's decision. Masupha filed the instant suit on May 16, 2005, outside the ninety-day time period. Accordingly, the public documents demonstrate that any claims regarding the November 29, 2004 formal complaint are untimely.

In response to Defendant's Motion to Dismiss, Masupha appears to be arguing that the formal complaint and FAD of December 16, 2004 were "on a completely different case" and that because Masupha was engaged in mediation through the ADR procedure, her right to sue would be preserved until after the mediation process was completed. However, Masupha does not plead such in her Amended Complaint; and she cannot amend her complaint in response to the motion to dismiss. Furthermore, the argument is contrary to the applicable statute and regulations. Accordingly, the argument fails.

Based on the above, Masupha has not pled that she exhausted her administrative remedies; and the public documents relating to Masupha's discrimination claims that are before the Court indicate that a suit based on those claims was not timely filed. Accordingly, Defendant's Motion to Dismiss is granted. Masupha is granted leave to file a second amended complaint within fourteen days of this Order, provided she can do so consistent with Fed. R. Civ. P. 11.

Dated: January 10, 2006

JOHN W. DARRAH
United States District Judge